IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **PATRICIA K. KUNKLE** | : | **CASE NO. 3:13-CV-00082-TSB** |
| **Plaintiff,** | : | **JUDGE TIMOTHY S. BLACK** |
| v. | : | |
| **Q-MARK, Inc., et al.** | : | |
| **Defendants.** | : | |

## STIPULATION & PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and by stipulation of the parties, the Court enters this Protective Order relating to discovery, in any form whatsoever, that is taken in connection with this matter.  The Parties have agreed that there is the need for discovery in this litigation and that some of the information the parties may seek through discovery in this case may contain or consist of confidential and/or proprietary business information.  The parties have further agreed that there is a need for a Protective Order to govern the discovery of such information.  Accordingly, the Court hereby orders that discovery that is taken in connection with this matter is subject to the following terms and conditions:

**IT IS THEREFORE ORDERED**:

1. All information produced by either party shall be used for the purposes of this litigation only.

2. A Party may designate as "Confidential" any material that it produces in the course of discovery proceedings herein when such Party in good faith believes such material contains sensitive and/or confidential medical, personal, business, employment, personnel,

commercial, financial, technical, trade secret, and/or proprietary business information (hereafter "Confidential Material"). For the purposes of this Protective Order, the Party designating information or material as Confidential Material is referred to as the "Designating Party."

2. The Parties agree to limit the disclosure of Confidential Material and all information contained therein to only those individuals involved in the prosecution, defense and/or adjudication of this litigation, including Parties and/or current or former employees of the Parties who require access to Confidential Material for purposes of this litigation, Counsel for the respective parties, including in-house and outside counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation), necessary third-party advisors, third parties potentially liable or responsible to pay any judgment or settlement rendered in this action, the Court (including court reporters, stenographic reporters, and court personnel), and lay and expert witnesses who reasonably require access to such Confidential Material. Disclosure to other persons may be made only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

3. The Parties may designate certain records as "Highly Confidential," including but not limited to tax returns, profit and loss statements, balance sheets, and other financial information. The Parties agree to limit the disclosure of those records designated as "Highly Confidential" to only Counsel for the respective parties, including in-house and outside counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation), and the Court (including court reporters, stenographic reporters, and court personnel). Disclosure to other persons may be made only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

4.     The confidentiality provisions of this order shall apply to all depositions, production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and any other information, which a disclosing party may designate as "Confidential" or "Highly Confidential."

5.     All Confidential or Highly Confidential Material shall be used only for the purpose of the proceedings in this case, including hearings, motions, trial and any appeals.

6.     Inadvertent production of any document and/or information without a designation of "Confidential" or "Highly Confidential" will not be deemed to waive a Party's claim to its confidential nature or prohibit any Party from subsequently designating said document or information as "Confidential" of "Highly Confidential."  Documents produced before the entry date of this Order, or documents produced but not stamped as "Confidential" or "Highly Confidential," may retroactively be so stamped and shall not be construed to be a waiver, in whole or in part, of that Party's claims of confidentiality.  Disclosure by the other Party prior to such later designation shall not be deemed a violation of the provisions of this Order.

7.     In the event that Confidential or Highly Confidential Material is referenced in whole or in part and/or included in depositions, exhibits or other items filed with the Court, the Party submitting said Confidential or Highly Confidential Material shall, if also the Designating Party, redact any and all Confidential or Highly Confidential Material from the document prior to filing. If the Party submitting said Confidential or Highly Confidential Material is not also the Designating Party, the submitting Party shall confer with the Designating Party to determine whether there is an acceptable way to redact the Confidential Material or Highly Confidential Material from the document prior to filing.  If there is an acceptable way to redact Confidential

or Highly Confidential Material, the designating party shall make such redactions.  If the Designating Party indicates that redaction is not agreeable, the designating party may, in lieu of redacting Confidential or Highly Confidential Material from a document, file a motion for the documents to be preserved under seal, and upon the Judge signing an Order granting the party's Motion, shall submit the documents to the Court under seal.

8. The producing party shall have the right to exclude from attendance at a deposition, during such time as Highly Confidential Material is to be discussed or disclosed, any person other than the deponent, the court reporter, and the parties' attorneys.  The parties may attend portions of a deposition during such time as Highly Confidential Material is to be discussed or disclosed on the express condition that they may not remove any Highly Confidential Material from the deposition room or discuss any information related to the finances of the other party or any information reflected in Highly Confidential Materials with anyone other than their attorneys.

9. Any designation that material is Confidential or Highly Confidential is subject to challenge by any party or nonparty with standing to object.  The parties, however, agree that the parties may designate tax returns, balance sheets, and profit and loss statements, as "Highly Confidential," and the parties expressly waive the right to object to said designation.  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the Confidential designation as to any documents subject to the objection, the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

10. Nothing in this Order shall affect the admissibility of any documents or other evidence at trial or hearing in this action.

11. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order are subject to protection under Rule 26 of the Federal Rules of Civil Procedure or otherwise, until such time as the Court may rule on a specific document or issue.

12. Upon completion of the above-captioned litigation, including the running of any time to appeal or to move for relief under Rule 60 of the Federal Rules of Civil Procedure, any and all copies of Confidential or Highly Confidential Material shall either be returned to the Designating Party or shall be destroyed. If the documents are destroyed pursuant to this paragraph, counsel shall provide a certification so stating.

13. No document containing Confidential or Highly Confidential information shall be filed with this Court unless it is redacted in a manner acceptable to the Designating Party or is in a sealed, opaque container or envelope including on the outside thereof the case heading of this litigation and a notification that the contents are subject to a protective order and the container is not to be opened except upon further order of this Court. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as either Confidential or Highly Confidential so filed in this litigation.

14. In the event that any Confidential information or Highly Confidential information is used in any court proceeding in connection with this litigation, it shall not lose its Confidential or Highly Confidential status solely by virtue of the fact of such use, and the parties shall take steps

reasonably required to protect its confidentiality during such use.

15.  This order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made hereafter by any party.

DATED this 4th day of September, 2013.

                                                **BY THE COURT:**

                                                ___*s/Timothy S. Black*_____
                                                Timothy S. Black
                                                United States District Judge

**SO STIPULATED AND APPROVED:**

/s/ Thomas M. Hess, Jr. by Halli Brownfield Watson
Per telephone authority of 9/4/2013.
Charles F. Shane (0062494)
Thomas M. Hess, Jr. (0089667)
Bieser, Greer & Landis, LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908
cfs@bgllaw.com
tmh@bgllaw.com
*Attorneys for Plaintiff Patricia Kunkle*


/s/ Halli Brownfield Watson
Brian L. Wildermuth (0066303)
Halli Brownfield Watson (0082466)
50 Chestnut Street Suite 230
Dayton, Ohio 45440
bwildermuth@swohiolaw.com
hwatson@swohiolaw.com
*Attorneys for Defendants Q-Mark, Inc. and Roberta Gentile*